IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC. and <br> UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> UBISOFT, INC., <br><br> Defendant. | Civil Action No. 2:17-cv-00175 <br><br><br> PATENT CASE <br><br><br> JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), for their complaint against defendant, Ubisoft, Inc. ("Ubisoft"), allege as follows:

**THE PARTIES**

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc USA also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Uniloc Luxembourg owns a number of patents in the field of replicating data from a source file to a target file in a computer system: including by providing upgrades from a server to a remote user's computer.

1

4. Upon information and belief, Ubisoft is a California corporation having a principal place of business in San Francisco, California and offers its Uplay products and services, including those accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas. Ubisoft may be served with process through its registered agent: Stephen Smith, 1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067.

**JURISDICTION AND VENUE**

5. Uniloc USA and Uniloc Luxembourg (collectively, "Uniloc") bring this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Ubisoft is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products and/or services in Texas and this judicial district.

7. Ubisoft is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial presence and business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing and/or soliciting business in Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

**COUNT I**
(INFRINGEMENT OF U.S. PATENT NO. 6,110,228)

8. Uniloc incorporates paragraphs 1-7 above by reference.

9. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,110,228 ("the '228 Patent"), entitled METHOD AND APPARATUS FOR SOFTWARE

MAINTENANCE AT REMOTE NODES that issued on August 29, 2000.  A true and correct copy of the '228 Patent is attached as Exhibit A hereto.

10. Uniloc USA is the exclusive licensee of the '228 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11. Ubisoft provides software that allows for customer service requests.  For example, the following image is a screen shot from a user interface for a computer program named Ubisoft Uplay that is installed on a user's computer remote from Ubisoft:



12. The following image shows that Ubisoft Uplay allows a remote user to enable Uplay to request automatic updates from Ubisoft:

3



13. The following image shows that Ubisoft provides an upgrade, such as a patch, in response to the user's request:



14. The following image also shows that Ubisoft provides an upgrade, such as a patch, in response to the user's request:

4



15.     Ubisoft has directly infringed, and continues to directly infringe one or more claims of the '228 Patent in the United States during the pendency of the '228 Patent, including at least claims 1, 6-7, 10, 18, 25-26, 29, 67-68, and 70-71 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling Ubisoft Uplay during the pendency of the '228 Patent which software and associated backend server architecture *inter alia* allow for receiving users' requests for service (for example, upgrades), determining the service requested (for example, provide an upgrade), and providing the upgrade to the user in response to the request received by Ubisoft from the remote user location.

16.     In addition, should the Ubisoft Uplay be found to not literally infringe the asserted claims of the '228 Patent, the Ubisoft Uplay would nevertheless infringe the asserted claims of the '228 Patent. More specifically, the Ubisoft Uplay performs substantially the same function (providing a service to a remote user location), in substantially the same way (via a request for service from the user's remote device), to yield substantially the same result (allowing a user to receive a service, such as an upgrade to an installed Ubisoft application). Ubisoft would thus be liable for direct infringement under the doctrine of equivalents.

17. Ubisoft has indirectly infringed and continues to indirectly infringe at least claims 1, 6-7, 10, 18, 25-26, 29, 67-68, and 70-71 of the '228 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Ubisoft Uplay. Ubisoft's customers who use the Ubisoft Uplay in accordance with Ubisoft's instructions directly infringe one or more of the foregoing claims of the '228 Patent in violation of 35 U.S.C. § 271. Ubisoft directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- www.ubisoft.com
- https://uplay.com
- https://support.ubi.com
- https://store.ubi.com
- https://itunes.com/us/app/
- https://play.google.com/store/apps
- www.youtube.com, including:

  Ubisoft US

Ubisoft is thereby liable for infringement of the '228 Patent under 35 U.S.C. § 271(b).

18. Ubisoft has indirectly infringed and continues to indirectly infringe at least claims 1, 6-7, 10, 18, 25-26, 29, 67-68, and 70-71 of the '228 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Ubisoft Uplay, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process,

constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '228 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

19.   For example, the Ubisoft Uplay software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Ubisoft Uplay software is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Ubisoft is, therefore, liable for infringement under 35 U.S.C. § 271(c).

20.   Ubisoft will have been on notice of the '228 Patent since, at the latest, the service of this complaint upon Ubisoft.  By the time of trial, Ubisoft will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1, 6-7, 10, 18, 25-26, 29, 67-68, and 70-71 of the '228 Patent.

21.   Ubisoft may have infringed the '228 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Ubisoft Uplay.  Uniloc reserves the right to discover and pursue all such additional infringing software.

22.   Uniloc has been damaged, reparably and irreparably, by Ubisoft's infringement of the '228 Patent and such damage will continue unless and until Ubisoft is enjoined.

**COUNT II**
(INFRINGEMENT OF U.S. PATENT NO. 6,564,229)

23.   Uniloc incorporates paragraphs 1-7 above by reference.

24.   Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,564,229 ("the '229 Patent"), entitled SYSTEM AND METHOD FOR PAUSING AND RESUMING

MOVE/COPY OPERATIONS, issued May 13, 2003.  A copy of the '229 Patent is attached as Exhibit B.

25. Uniloc USA is the exclusive licensee of the '229 Patent, with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for infringement.

26. The following image displays a screen shot of Ubisoft's Uplay PC games portal used to distribute software products, such as games, from a server to a user's computer:



27. The following image displays a plurality of games that a user may download via the Uplay PC games portal:



28. The following image shows that a demo of the game "Flashback" may be downloaded via the Uplay PC games portal:



29. The following image shows that a "Pause" button is available when the demo "Flashback" game is being downloaded:

9



30.     The following image shows that the "Pause" button has been activated, the download has been paused, the user's computer is available to perform other operations, and the download is available to be resumed using a "Resume" button:



31.     The following image shows that the download has resumed from the Ubisoft server to the user's computer:



32.     The following image shows that the demo "Flashback" game has been read from the Ubisoft server and written to the user's computer:



33.     Ubisoft has infringed, and continues to infringe one or more claims of the '229 Patent in the United States during the pendency of the '229 Patent, including at least claims 1-7, 10-13, and 16 by making, using, importing, offering for sale and/or selling the Ubisoft Uplay

11

games portal which software and associated backend server architecture, *inter alia*, allow for writing a first portion of a data file, such as a game, to a file on the user's computer; pausing the download using a "Pause" button during which pause the user's computer is available for other processing operations; and resuming the download by using a "resume" button, thereby allowing a second portion of the game to be downloaded and written to a file on the user's computer.

34.  In addition, should the Ubisoft Uplay games portal be found to not literally infringe the asserted claims of the '229 Patent, the portal would nevertheless infringe the asserted claims of the '229 Patent. More specifically, the accused portal performs substantially the same function (copying data from a source file to a target file on a user's computer), in substantially the same way (via a pause and resume operation), to yield substantially the same result (allowing a user to perform other operations during the pause). Ubisoft would thus be liable for direct infringement under the doctrine of equivalents.

35.  Ubisoft has indirectly infringed and continues to indirectly infringe at least claims 1-7, 10-13, and 16 of the '229 Patent by, among other things, actively inducing the using, offering for sale, selling, or importing the Ubisoft Uplay games portal. Ubisoft's customers who use the Ubisoft Uplay games portal in accordance with Ubisoft's instructions directly infringe one or more of the foregoing claims of the '229 Patent in violation of 35 U.S.C. § 271. As set forth, *inter alia*, above, Ubisoft directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation or user guides such as those located at one or more of the following:

- www.ubisoft.com
- https://uplay.com
- https://support.ubi.com

- https://store.ubi.com
- https://itunes.com/us/app/
- https://play.google.com/store/apps
- www.youtube.com, including:

    Ubisoft US

Ubisoft is thereby liable for infringement of the '229 Patent under 35 U.S.C. § 271(b).

36.     Ubisoft has indirectly infringed and continues to indirectly infringe at least claims 1-7, 10-13, and 16 of the '229 Patent by, among other things, contributing to the direct infringement by others including, without limitation customers using the Ubisoft Uplay games portal, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '229 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

37.     For example, the Ubisoft Uplay games portal software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process.  Furthermore, the Ubisoft software is a material part of the claimed inventions and is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Ubisoft is, therefore, liable for infringement under 35 U.S.C. § 271(c).

38.     Ubisoft will have been on notice of the '229 Patent since, at the latest, the service of this complaint upon Ubisoft.  By the time of trial, Ubisoft will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1-7, 10-13, and 16 of the '229 Patent.

39. Ubisoft may have infringed the '229 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Ubisoft Uplay games portal. Uniloc reserves the right to discover and pursue all such additional infringing software.

40. Uniloc has been damaged, reparably and irreparably, by Ubisoft's infringement of the '229 Patent and such damage will continue unless and until Ubisoft is enjoined.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Ubisoft as follows:

(A) declaring that Ubisoft has infringed the '228 Patent and the '229 Patent;

(B) awarding Uniloc its damages suffered as a result of Ubisoft's infringement of the '228 Patent and the '229 Patent;

(C) enjoining Ubisoft, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, and parents, and all others acting in concert or privity with it from infringing the '228 Patent and the '229 Patent;

(D) awarding Uniloc its costs, attorneys' fees, expenses, and interest, and

(E) granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Date: March 6, 2017

Respectfully submitted,

*/s/ Paul J. Hayes*
Paul J. Hayes (Lead Attorney)
Massachusetts State Bar No. 227000
James J. Foster
Massachusetts State Bar No. 553285

Kevin Gannon
Massachusetts State Bar No. 640931
Dean Bostock
Massachusetts State Bar No. 549747
Robert R. Gilman
Massachusetts State Bar No. 645224
Michael Ercolini
New York State Bar No. 5029905
Aaron Jacobs
Massachusetts State Bar No. 677545
Daniel McGonagle
Massachusetts State Bar No. 690084
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: pjhayes@princelobel.com
Email: jfoster@princelobel.com
Email: kgannon@princelobel.com
Email: dbostock@princelobel.com
Email: rgilman@princelobel.com
Email: mercolini@princelobel.com
Email: ajacobs@princelobel.com
Email: dmcgonagle@princelobel.com


Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
NELSON BUMGARDNER PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone:  (817) 377-9111
Fax:  (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**